

# FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MATEO ARIKOLI MAINAKAVIKA VOLAVOLA; et al., | No. 07-72731 |
| Petitioners, | Agency Nos. A075-723-402 |
| v. | A078-112-136 |
| | A078-112-137 |
| ERIC H. HOLDER Jr., Attorney General, | A078-112-138 |
| Respondent. | MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 16, 2010[**]

Before:     FERNANDEZ, GOULD, and M. SMITH, Circuit Judges

Mateo Arikoli Mainakavika Volavola, his wife, and children petition for

review of the Board of Immigration Appeals' ("BIA") order denying Volavola's

motion to reopen removal proceedings. We have jurisdiction under 8 U.S.C. §

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

NV/Research

1252. We review for abuse of discretion the denial of a motion to reopen, *see Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir. 2003), and we deny the petition for review.

We reject Volavola's contention that the BIA erred by failing to acknowledge or weigh evidence submitted with the motion to reopen. *See Fernandez v. Gonzales*, 439 F.3d 592, 603 (9th Cir. 2006).

The BIA did not abuse its discretion in denying Volavola's motion to reopen based on changed circumstances because he failed to establish the 2006 coup in Fiji resulted in material changes that warrant reopening or that he is now prima facie eligible for asylum. *See Malty v. Ashcroft*, 381 F.3d 942, 945 (9th Cir. 2004) ("The critical question is. . . whether circumstances have changed sufficiently so that a petitioner who previously did not have a legitimate claim for asylum now has a well-founded fear of future persecution.").

We decline to consider Volavola's challenge to the BIA's April 20, 2005 order denying asylum, withholding of removal and protection under the Convention Against Torture because the contentions have already been considered and rejected by this court. *Volavola v. Gonzales*, 225 Fed.Appx. 559 (9th Cir. 2007); *see also Merritt v. Mackey*, 932 F.2d 1317, 1320 (9th Cir. 1991) (explaining that under the 'law of the case doctrine,' one panel of an appellate court will not

reconsider questions which another panel has decided on a prior appeal in the same case).

Finally, because the BIA correctly found in its April 20, 2005 order that Volavola had not demonstrated past persecution, the BIA did not err by not addressing Volavola's humanitarian asylum claim in the motion to reopen. 8 C.F.R. § 1208.13(b)(1)(iii); *see also Hanna v. Keisler*, 506 F.3d 933, 939 (9th Cir. 2007).

**PETITION FOR REVIEW DENIED.**